CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 29 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 7:11cr00072 |
| Plaintiff, | § 2255 MEMORANDUM OPINION |
| v. | |
| RICHARD CHRIS WELCH, | By: Samuel G. Wilson |
| Defendant. | United States District Judge |

Richard Chris Welch, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, claiming that his guilty plea is invalid because it was based on an agreement that provided no benefit to Welch and caused him to unknowingly surrender his right to collaterally attack his plea and sentence or to bring a claim against his counsel. The court finds that the plea agreement in fact provided a sentencing benefit to Welch; that Welch admitted in open court that he understood he waived his rights to collaterally attack his plea and sentence; and that the collateral attack waiver in the plea agreement expressly excepted "a collateral attack based on ineffective assistance of counsel." (Plea Agreement 9, ECF No. 37.) Accordingly, the court denies the motion.

## I.

On September 22, 2011, a grand jury returned a three-count indictment against Welch. Count One charged him with conspiracy to manufacture and possess with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Count Two charged him with manufacturing more than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and Count Three charged him with possessing a firearm in furtherance of the drug trafficking crimes alleged in Counts One and Two, in violation of 18

U.S.C. § 924(c). Pursuant to a written plea agreement, Counts Two and Three were dismissed and Welch pled guilty to Count One, stipulating in the agreement that he was responsible for at least 1000 kilograms of marijuana.

The presentence report calculated Welch's base offense level to be 32. The offense level was increased 2 levels for possession of a firearm; increased 2 levels because he was an organizer, leader, or supervisor; and decreased 3 levels for his acceptance of responsibility. These adjustments resulted in a total offense level of 33, which, based on a criminal history category III, produced a guideline imprisonment range of 168 to 210 months. The court imposed a 150-month sentence, which was a variance based in part on Welch's cooperation with law enforcement agents. (Statement of Reasons 3, ECF. No. 58.)

## II.

Welch asserts that his guilty plea was invalid because it was based on an agreement that provided no benefit to him. According to Welch, the consideration—the dismissal of Counts Two and Three—was illusory because his "potential sentence" remained the same. Welch's assertion is incorrect, however, and the court therefore denies his motion.

If Welch had pled guilty to Count Three, he would not have received a two-level firearm enhancement under Count One, and his total offense level would have been 31 rather than 33, resulting in a guideline range for Count One of 135 to 168 months. But, the court would have been required to impose a mandatory sixty-month consecutive sentence pursuant to 18 U.S.C. § 924(c). Thus, a sentence at the bottom of the guideline range as to Count One would have produced an actual sentence of 195 months. If the court allowed an eighteen-month variance, as it did at Welch's sentencing, Welch would have faced a 177-month sentence rather than the 150-month sentence the court imposed. In addition, Welch's plea agreement allowed him the

opportunity to earn a motion for substantial assistance.[1] Accordingly, the court finds that the plea agreement's consideration was in no way illusory and denies his motion.

### III.

Welch maintains that his guilty plea caused him "to surrender, unwittingly, at least two significant rights: the constitutional right to habeas corpus and the statutory right to seek redress from counsel for counsel's errors." (Motion 4, ECF No. 70.) He complains that "his attorney never disclosed to [him] that the signing of the plea agreement constituted a waiver of any claims against counsel, past, present, and arguably future. Nor did counsel explain that the waiver included a release even for counsel's intentional misconduct." (Id.) Welch claims that he would not have signed the plea agreement had he been aware of this waiver. (Id.) The court finds that Welch's claim is frivolous at a number of levels and denies his motion.

Welch's plea agreement specifically provides that Welch waived his right to collaterally attack his plea and sentence. When the court questioned him about the waiver, he indicated in open court that he discussed it with his counsel and that he understood it.[2] (Transcript 7, ECF No. 76.) Moreover, contrary to his premise, Welch's collateral attack waiver expressly excepts "a collateral attack based on ineffective assistance of counsel." (Plea Agreement 9, ECF No. 37.) Accordingly, the court finds that Welch's plea agreement did not cause him to unknowingly forfeit significant rights.

---

[1] The court notes that had Welch not entered into a plea agreement at all, he likely would not have received a three-level reduction in his offense level for acceptance of responsibility.

[2] Welch argues that "the Supreme Court and every circuit . . . has concluded that a defendant has an absolute right to raise on direct appeal a challenge to the knowing and voluntary nature of a guilty plea." (Motion 5, ECF No. 70.) He implies that his right to appeal on that ground is not waivable and that the court should thus "void the plea agreement." (Id.) This court questioned Welch about the waiver and also concluded that his plea was a knowing and voluntary plea supported by an independent basis in fact, and accepted his plea based on that finding. (Transcript 12, 19–20, ECF No. 76.) Assuming it were not waivable, as Welch argues, his plea agreement preserved his right to appeal because it expressly provides that "notwithstanding any other language to the contrary, [Welch is not] waiving [his] right to appeal or to have [his] attorney file a notice of appeal, as to any issue which cannot be waived, by law." (Plea Agreement 8, ECF No. 37.)

3

## IV.

For the reasons stated, the court denies Welch's § 2255 motion.

**ENTER**: April 29, 2013.

_____
UNITED STATES DISTRICT JUDGE